IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ANN WASHINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2938 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                         March 31, 2009

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. No. 10), the court makes the following findings and conclusions:

      1.      On January 9, 2007, Julie Ann Washington ("Washington"), filed for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of February 1, 2005. (Tr. 37-49). Throughout the administrative process, including an administrative hearing held on December 3, 2007 before an ALJ, Washington's claims were denied. (Tr. 5-8; 13-22; 28-31; 142-164). Pursuant to 42 U.S.C. § 405(g), Washington filed her complaint in this court on June 26, 2008.

      2.      In her December 28, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Washington had severe scoliosis and degenerative joint disease of the back and neck and non-severe anxiety and knee pain; (2) Washington's impairments did not meet or equal a listing; (3) Washington had an RFC to perform limited sedentary work with a sit/stand option, and only occasional postural activities and no pushing or pulling with the lower extremities; (4) Washington could perform her previous work as a legal secretary; and, thus, (5) Washington was not disabled. (Tr. 16 ¶ 4; 18 Finding 2; 18 ¶ 6; 19 Findings 3 & 4; 22 Findings 5 & 6).[1]

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

    4. Washington alleges that the ALJ legally erred by failing to include in her RFC assessment and hypothetical to the VE, mild limitations in social functioning and concentration. I agree that the ALJ made a legal error. Thus, a remand is necessary. The pertinent limitations were, as discussed by the ALJ, found by a state agency psychologist on May 16, 2007 after diagnosing Washington with a non-severe anxiety disorder. (Tr. 18 ¶ 5; 107; 112; 117). It was upon this report that the ALJ based her conclusion that Washington suffered from such a disorder. (Tr. 18 ¶ 6). However, the ALJ did not incorporate any limitations into her RFC assessment or the hypothetical based on this mental impairment. The law in the Third Circuit is very clear: a hypothetical question posed to a VE must reflect *all* of a claimant's medically supported impairments. Rutherford v. Barnhart, 399 F.3d. 546, 554 (3d Cir. 2005); Ramirez v. Barnhart, 372 F.3d 546, 554 -555 (3d Cir. 2004); Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ found that Washington's anxiety was medically supported, but failed to incorporate any limits arising therefrom in her RFC assessment and hypothetical to the VE.[2]

    Because the ALJ legally erred by failing to include all of Washingtion's medically determinable impairments in her RFC assessment and the hypothetical, this case must be remanded in order for her to include therein any limitations from Washington's non-severe anxiety. An appropriate Order follows.

---

[2] If the ALJ concludes that Washington's anxiety posed no vocational limits, she should so state.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE ANN WASHINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2938 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 31st day of March, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response thereto (Doc. No. 10), and having found after careful and independent consideration of the record that the Commissioner's determination was not legally sufficient, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.